

|  | **T**HE **C**ITY OF **N**EW **Y**ORK |  |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **AMATULLAH K. BOOTH** |
| *Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
|  | NEW YORK, NY  10007 | Tel.: (212) 356-3534 |
|  |  | Fax: (212) 356-3509 |
|  |  | abooth@law.nyc.gov |

June 27, 2017

**VIA ECF**
Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

Re:     Ahmed Elkhouly & Evelina Velez v. The City of New York, et al.,
         17  CV 2318 (KBF-SN)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter, writing on behalf of defendant, City of New York, (hereinafter "Defendant"). I respectfully request an enlargement of time from June 26, 2017, to and including July 26, 2017, within which Defendant may file an answer, or otherwise respond to the Complaint. The undersigned sincerely apologizes to the Court for the late submission of this application. This is Defendant's second application for an enlargement of time to answer, or otherwise respond to the Complaint, and will not affect any previously-scheduled deadlines. Unfortunately, I do not write with the consent of Plaintiffs' Counsel, Jeffrey A. Rothman, Esq., as I was unable to receive any response from Counsel, prior to the submission of my application.

      On April 5, 2017, the Plaintiffs served the Defendant with the complaint in the above-referenced matter (hereinafter referred to as the "Complaint"). When the Plaintiffs served the Complaint however, Plaintiffs failed to serve the following fully executed releases: (1) § 160.50 Release, and (2) HIPPA medical release, for the Plaintiffs, pursuant to the Plan. These releases were not filed by Plaintiffs, despite Plaintiffs' alleged claims of false arrest, excessive force, and a number of additional Federal and State law claims, related to a police encounter, which Plaintiffs' relied to seek various damages including: loss of consortium, redress for injuries allegedly sustained from tight handcuffing, other physical injuries, and permanent loss of enjoyment of life.[1]

---

[1] *See* A Copy of Plaintiffs' Complaint, dated and filed on March 30, 2017, ¶ 11:85.

1

On May 10, 2017, Defendant filed a motion to compel Plaintiffs' production of the aforementioned releases, after Plaintiffs repeatedly refused to provide such releases, despite Defendant's repeated requests. On May 15, 2017, this Court granted Defendant's motion to compel, and ordered Plaintiffs to produce the releases to Defendant by May 17, 2017. Thereafter, Plaintiffs requested an extension, and the Court granted their request, which permitted Plaintiffs to produce the releases to Defendant by May 24, 2017. On May 19, 2017, Plaintiffs provided releases to Defendant. Every release provided by the Plaintiffs however, contained significant errors, including: misspelled names of the Plaintiffs,' missing necessary information and at least two of the releases bore the signature of the wrong Plaintiff. These errors prevented Defendant from using the releases to obtain the requisite documents and information. Defendant immediately made Plaintiffs' Counsel aware of the issue. Plaintiffs thereafter produced corrected releases, during the evening of May 23, 2017, through email. The Plaintiffs however, failed to produce the original releases that were necessary for Defendant to obtain the associated information and materials. Ultimately, Plaintiffs' Counsel, Robert L. Herbst, provided Defendant with the original releases, during the evening of May 30, 2017.

Defendant immediately requested the information necessary to respond to the Complaint, however, Defendant did not receive all the necessary information to determine representation of the defendant officers, until on or about June 19, 2017.  Subsequently, Defendant was unable to meet with the defendant officers to discuss the case, and make representational decisions regarding their cases.

Consequently, despite Defendant's diligent efforts to comply with the aforementioned deadline to submit an answer to the Complaint, additional time is needed to adequately respond to the Plaintiffs' Complaint and make representational decisions concerning the officers.

Accordingly, Defendant respectfully requests that the Court extend the time within which it may answer or otherwise respond to the Complaint, from June 26, 2017 to and including July 26, 2017.

Thank you for your consideration herein.

    Respectfully submitted,
    /s/
    _____
    AMATULLAH K. BOOTH
    Senior Counsel
    Special Federal Litigation Division

**To:** VIA ECF
ROBERT L. HERBST, ESQ.
Herbst Law, PLLC
*Counsel for Plaintiffs*